# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BANUELOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOY C. GABLER, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00675-LJO-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

Robert Banuelos ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint filed on May 17, 2018.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

**II.**

**DISCUSSION**

Plaintiff brings this action against Joy C. Gabler the Superintendent over Hanford Elementary School and Priscilla Collins who works for the State Parole Board. (Compl. 3,[1] ECF

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

No. 1.) Plaintiff seeks monetary damages against Roosevelt School and Priscilla Collins alleging that they used organized crimes. (Compl. 7.) In order to state a claim, Plaintiff must include a short, plain statement of the facts to show that he is entitled to relief. Fed. R. Civ. P. 8(a)(2); Iqbal, 556 U.S. at 678. Although Plaintiff's complaint is to be liberally construed, he must present sufficient factual allegations to state a plausible claim. Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2010). Plaintiff's complaint is devoid of any factual allegations and fails to state a claim against any named defendant.

Pursuant to 15 of the Federal Rules of Civil Procedure, leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff shall be granted leave to file an amended complaint to cure this deficiency. The Court provides the following legal standards which would apply to Plaintiff's claims.

### A. Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185.

There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must allege sufficient facts to demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### B. First Amendment Right to Petition the Government

Plaintiff alleges violation of his right to petition the government under the First Amendment. One of the rights guaranteed by the First Amendment is "the right of the people . .

3

. to petition the Government for a redress of grievances." U.S. Const. amend. I. The right to petition provides citizens with the ability "to express their ideas, hopes, and concerns to their government and their elected representatives." Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379, 388 (2011). "[T]he right to petition extends to all departments of the Government[.]" BE & K Const. Co. v. N.L.R.B., 536 U.S. 516, 525 (2002) (quoting Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 136 (1961)). However, the First Amendment does not impose any affirmative obligation on the government to respond to the petitions raised by individual citizens, guarantee that citizens' speech will be heard, or require that every petition for redress of grievances will be successful. Smith v. Arkansas State Highway Emp., Local 1315, 441 U.S. 463, 465 (1979); DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000).

**C. Equal Protection**

Plaintiff also alleges a violation of Fourteenth Amendment equal rights which the Court construes as an equal protection claim under the Fourteenth Amendment. As relevant here, Section 1 of the Fourteen Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV. There are two ways for a plaintiff to state an equal protection claim. A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

To the extent that Plaintiff is seeking to state a claim for violation of 42 U.S.C. § 1981,[2]

---

[2] Plaintiff alleges a violation of 18 U.S.C. § 1981, however there is no such section in Title 18.)

to state a claim under § 1981, plaintiff must show that he is a member of a racial minority; the defendant intended to discriminate on the basis of race; "and the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." <u>Morris v. Office Max, Inc.</u>, 89 F.3d 411, 413 (7th Cir. 1996).  Similar to a violation of the Equal Protection Clause, to prevail on this claim, the plaintiff must "prove as an element of the cause of action some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the [official's] action." <u>Dennis v. Thurman</u>, 959 F.Supp. 1253 (C.D. Cal. 1997) (internal punctuation and citations omitted); <u>Hispanic Taco Vendors of Washington v. City of Pasco</u>, 790 F.Supp. 1023, 1031 (E.D. Wash. 1991).  Section 1981 can only be violated by purposeful discrimination concerning one of the enumerated activities.  <u>General Bld. Contractor's Ass'n, Inc.</u>, 458 U.S. at 391.

### D. Racketeer Influenced and Corrupt Organizations Act

Plaintiff alleges that the defendants used organized crime to cause him mental stress and and place his life in danger.  (Compl. ¶¶ 5, 7.)  The Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 et seq., was passed in 1970 as Title XI of the Organized Crime Control Act, and provides for both criminal and civil liability for certain prohibited activities.  <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 545 (9th Cir. 2007).  To state a civil claim under RICO, "a plaintiff must show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity,' " <u>Rezner v. Bayerische Hypo-Und Vereinsbank AG</u>, 630 F.3d 866, 873 (9th Cir. 2010) (quoting <u>Sedima, S.P.R.L. v. Imrex Co., Inc.</u>, 473 U.S. 479, 496 (1985)), with the conspiracy claim being necessarily dependent upon the existence of the substantive RICO violation, <u>Sanford v. Memberworks, Inc.</u>, 625 F.3d 550, 559 (9th Cir. 2010).

The plaintiff must show that the racketeering activity was both a but-for and proximate cause of his injury to have standing to bring a claim.  <u>Hemi Group, LLC v. City of New York, N.Y.</u>, 559 U.S. 1, 9 (2010).  To meet the proximate cause requirement there must be "some direct relation between the injury asserted and the injurious conduct alleged." <u>Rezner</u>, 630 F.3d at 873 (quoting <u>Holmes v. Sec. Investor Prot. Corp.</u>, 503 U.S. 258, 268 (1992)).  This requires the court to examine the alleged violation to determine if it led directly to the plaintiff's injuries.  <u>Canyon

County v. Syngenta Seeds, Inc., 519 F.3d 969, 982 (9th Cir. 2008).

The focus of RICO is racketeering activity which is defined "as a number of specific criminal acts under federal and state laws." 18 U.S.C. § 1961(1); Canyon County, 519 F.3d at 972. Two predicate acts within a period of ten years are required to show a pattern of racketeering activity. 18 U.S.C. § 1961(5); Canyon County, 519 F.3d at 972.

### E. Federal Criminal Code and Rules

Plaintiff seeks to bring this action pursuant to 18 U.S.C. §§ 241, 242, 1512, and 1513. Title 18 of the United States Code codifies statutory crimes and criminal procedure. The fact that a federal statute has been violated does not automatically give rise to a private right of action. Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979). In determining whether a private right of action exists, the court is to determine whether Congress intended to create a private right of action. Id. Therefore, unless a specific statute provides for a private right of action, courts have found that violations of Title 18 are properly brought by the United States government through criminal proceedings and not by individuals in a civil action. Abou–Hussein v. Gates, 657 F.Supp.2d 77, 79 (D.D.C.2009); Prunte v. Universal Music Grp., 484 F.Supp.2d 32, 42 (D.D.C. 2007); Smith v. Gerber, 64 F.Supp.2d 784, 787 (N.D. Ill. 1999).

A review of these criminal statutes demonstrates that they do not create a private right of action. Conspiring to deprive an individual of their constitutional rights is addressed in 18 U.S.C § 241. A violation of section 241 is punished by fine or imprisonment of not more than 10 years. 18 U.S.C. § 241. Depriving a person of their rights under the color of law is codified in 18 U.S.C. § 242 which makes it unlawful to deprive any person of his constitutional rights because of the person's alienage, color or race. Violation of section 242 is punished by fine or imprisonment of not more than one year, or more if specified circumstances exist. 18 U.S.C. § 242. Tampering with a witness is addressed by section 1512 which provides for imprisonment or fine, depending upon the type of conduct and the intended result.[3] 18 U.S.C. § 1512(a)(3), (b), (c), (d). Section 1513 is applicable where there has been retaliation against a person for their

---

[3] In his complaint, Plaintiff alleges that there was witness intimidation. (Compl. at 7.) Therefore, the Court addresses the violations of section 1512 and 1513 in this context.

1 participation in an official proceeding or providing information to a law enforcement officer. Violations of section 1513 are punishable by fines or imprisonment. 18 U.S.C. § 1513(a)(2), (b), (c), (e), (f).

Plaintiff cannot bring a civil suit for violation of these sections of Title 18 as they do not provide for a private right of action. See Salem v. Arakawa, No. CV 15-00384 LEK-KSC, 2016 WL 1043050, at *6 (D. Haw. Mar. 15, 2016) ("It is well-established that 'Plaintiffs, as private citizens, lack standing to bring claims under criminal statutes.' ").

### III.

### CONCLUSION AND ORDER

Plaintiff fails to state a cognizable claim in this action. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

2. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:  **May 21, 2018**

UNITED STATES MAGISTRATE JUDGE